IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                Petitioner,

      v.                                                                                    CASE NO. 23-3222-JWL

DANIEL L. SCHNURR,

                Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Anthony Leroy Davis on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) Petitioner has altered the caption of this form to state "United States District Court of International Trade 96th District of Kansas." (Doc. 1, p. 1.) Since this Court has previously explained to Petitioner that it cannot file documents in other courts on Petitioner's behalf, the Court liberally construes the petition to seek habeas relief in this Court. Similarly, Petitioner has filed a "Second Motion for Leave to File Application for Writ of Habeas Corpus 28 U.S.C. 2241[d] cite to the 13th Judicial District District Court of Butler County Kansas [*sic*]." (Doc. 2.) The Court liberally construes this motion as one seeking permission to file the § 2241 petition in this Court. The motion for leave to file (Doc. 2) will be denied as moot, since the petition for writ of habeas corpus in this matter has already been filed as Document 1. Moreover, the Court has conducted an initial review of the petition (Doc. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and, for the reasons explained below, the Court concludes that

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

1

this matter is subject to dismissal in its entirety. The Court will grant Petitioner the opportunity to show cause why this matter should not be dismissed.

## Background

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer. *State v. Davis*, 2019 WL 50904367, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County District Court sentenced him to 65 months in prison. *Id.* at *2.

Petitioner filed the current petition for habeas relief on October 4, 2023, using the form petition for a writ of habeas corpus sought under 28 U.S.C. § 2241.[2] (Doc. 1.) He claims that the Butler County conviction and the related sentence are null for lack of jurisdiction. *Id.* at 1. Petitioner's sole asserted ground for relief is the violation of his constitutional right to a speedy trial, which is guaranteed by the Sixth Amendment to the United States Constitution. *Id.* at 6. As supporting facts for this claim, Petitioner alleges that the state-court trial judge who denied his motion to be discharged was biased and erred in denying relief. *Id.* at 7. Petitioner claims that the state district court lacked jurisdiction to sentence him and he asserts that he is innocent. *Id.* As relief, Petitioner seeks a writ of habeas corpus declaring that the Butler County sentence is invalid. *Id.* at 8.

---

[2] To the extent that Petitioner alleges that this action is one seeking relief under 28 U.S.C. § 2255, that statute is limited by its own language to prisoners in federal custody. Since Petitioner is in state custody, he is not entitled to relief under § 2255.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. The Court has conducted a preliminary review of the petition and finds that despite being filed on the form for petitions seeking relief under § 2241, this matter does not allege any grounds upon which relief could be granted under that statute.

As Petitioner is aware, any challenge to the validity of state-court convictions and/or sentences must be brought under 28 U.S.C. § 2254. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) (holding that a challenge to the execution of a sentence may be brought under § 2241 but a challenge to the validity of a sentence must be brought under § 2254). Thus, although Petitioner has utilized the court-approved forms for a § 2241 petition, it appears that he seeks relief only available under § 2254. And it would do no good for the Court to recharacterize this matter as a petition for relief under § 2254 because Petitioner has already pursued a § 2254 petition challenging his Butler County convictions and this Court in June 2022 resolved the petition on its merits and denied relief. Petitioner appealed the dismissal, but in November 2022, the Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed the appeal. *See Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 46 (D. Kan. June 13, 2022) (denying habeas relief from 2017 conviction sought under 28 U.S.C. § 2254), *cert. of app. denied* Nov. 23, 2022 (10th Cir.).

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may

3

proceed in a second or successive application for habeas corpus relief that is based on a claim that a state conviction or sentence is unconstitutionally invalid, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so. Thus, if the Court were to recharacterize this matter as one seeking relief under § 2254, it would be an unauthorized second or successive petition over which this Court would lack jurisdiction.

In summary, when the Court conducts the required Rule 4 review, it is apparent that the sole ground for relief asserted in this matter challenges the validity of Petitioner's Butler County conviction and sentence. As such, it fails to state a ground on which relief can be granted under 28 U.S.C. § 2241. Rather, such a claim must be brought under 28 U.S.C. § 2254. Because Petitioner has already pursued a § 2254 challenge to the validity of these convictions through disposition on its merits, if he wishes to proceed in another such challenge, he must first obtain the authorization of the Tenth Circuit. Accordingly, whether treated as a petition brought under § 2241 or § 2254, this matter is subject to dismissal in its entirety.

The Court will grant Petitioner the opportunity to show cause, in writing, why this matter should not be dismissed for the reasons stated above. Any response to this order must be filed on or before November 6, 2023. If Petitioner timely files a response and the Court concludes that the matter may proceed, the Court will issue further orders as necessary. If Petitioner fails to timely file a response, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the Motion for Leave to File Application for Writ of Habeas Corpus (Doc. 2) is **denied as moot** since the petition for writ of habeas corpus has already been filed as Document 1.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including November 10, 2023, in which to show cause, in writing, why this matter should not be dismissed for failure to

state a claim on which federal habeas relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 10th day of October, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge